Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 60638.**—Rambusch Decorating Co. and General Shipping & Trading Co. v. United States, protest 275735–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of wood figures similar in all material respects to those the subject of Abstract 58592, the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, APRIL 12, 1957

**No. 60639.**—Reynolds Fasteners, Inc. v. United States, protest 252345–K/6684 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of bolts of steel, imported without nuts or threads, the claim of the plaintiff was sustained.

**No. 60640.**—International Expediters, Inc. v. United States, protest 192343–K/4048 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of hairsprings, which would now be classified as parts of machines, the claim of the plaintiff was sustained.

**No. 60641.**—Senter Brass Products Corp. v. United States, protests 190586–K, 199753–K, and 197979–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of constituent and integral parts of toilet-box assemblies the same in all material respects as those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (36 Cust. Ct. 220, C. D. 1778), the claim of the plaintiff was sustained.

**No. 60642.**—Senter Brass Products Corp. v. United States, protests 192422–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of constituent and integral parts of toilet-box assemblies the same in all material respects as those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (36 Cust. Ct. 220, C. D. 1778), the claim of the plaintiff was sustained.

**No. 60643.**—Pfaff Industrial Sewing Machine Corp. and Intra Mar Transport Corp. v. United States, protest 252123–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the item in question consists of machinery and parts thereof used chiefly for the manufacture of shoes, the claim of the plaintiffs was sustained.

**No. 60644.**—Trans Atlantic Company v. United States, protests 233937–K, etc. (Philadelphia).

Opinion by LAWRENCE, J. It was stipulated that the merchandise consists of butt hinges, imported with wood screws of steel, the hinges measuring 3 inches by 3 inches or 3½ inches by 3½ inches, being packed 2 hinges and 12 screws to a box (12 screws for each pair of hinges), and the hinges, size 4 inches by 4 inches, being packed 2 hinges and 16 screws to a box (16 screws for each pair of hinges), of the same kind in all material respects as the merchandise the subject of *Trans Atlantic Company* v. *United States* (35 Cust. Ct. 1, C. D. 1712). Upon the agreed statement of facts and following the cited authority, the claim of the plaintiff was sustained, the value of the screws being as set forth in the schedule "A,"